**UNITED STATES ATTORNEY'S OFFICE**
WILLIAM E. FITZPATRICK
Acting United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>KEVIN J. MURPHY,<br><br>         Debtor. | Chapter 13<br><br>Case No. 17-22445-KCF<br><br>Judge: Kathryn C. Ferguson<br><br>**Hearing Date: September 13, 2017**<br>**Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S CHAPTER 13 PLAN**

**ATTENTION DEBTOR'S COUNSEL:**
**FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS NOT CONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 18]. In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Kevin J. Murphy (the "<u>Debtor</u>") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on June 19, 2017 (the "<u>Petition Date</u>") [ECF Doc. No. 1].

2. The Debtor has unpaid federal tax liabilities for numerous tax years. *See* Claim No. 2-1. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "<u>Tax Lien</u>") against the Debtor. *Id*. Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real or personal."

3. The Service filed a proof of claim against the Debtor setting forth total claims of $59,026.42 (the "<u>Service Claim</u>"), comprised of (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $32,471.28, which amount is secured by the Tax Lien on the Debtor's scheduled *personal* property[1]; (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $7,815/12 (the "<u>Priority Claim</u>"); and (iii) an unsecured non-priority claim of $18,740.02. *See* Claim No. 2-1.

4. For the reasons described below, the Plan is not confirmable.

## OBJECTION

**A. <u>The Plan is Not Confirmable with Respect to the Service's Secured Claim</u>**

5. With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus interest. Contrary to

---

[1] *See* Debtor's Scheduled A/B Property [ECF Doc. No. 17].

section 1325(a)(5)'s requirements, the Plan provides for no payment of the Secured Claim. *See* Plan at 2-4. This deficiency renders the Plan unconfirmable.

6. In addition, the Plan is not confirmable with respect to the Secured Claim because:

   a. It fails to provide that the Service will retain its liens against the property of the Debtor.[2] 11 U.S.C. § 1325(a)(5)(B)(i)(I).

   b. It fails to calculate (and provide for payment of) the appropriate amount of post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of interest on secured claims).

   c. The Service submits that the interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (4%), should be applied to deferred payments of federal taxes.

B. **The Plan is Not Confirmable With Respect to the Priority Claim**

7. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C.

---

[2] It bears noting that property claimed as exempt by the Debtor under Bankruptcy Code section 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . *except* . . . *a debt secured by a lien that is . . . a tax lien, notice of which was properly filed*." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets . . . The Debtors' chapter 13 plan must provide for payment of the value of this claim or surrender the assets to the State." (internal quotation marks omitted)).

§ 1322(a)(2). Here, the Plan fails to provide for any recovery of the Priority Claim. *See* Plan at 2. Because the Service does not consent to less than full payment of the Priority Claim, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 6, 2017

                                                  WILLIAM E. FITZPATRICK
                                                  Acting United States Attorney

                                                  */s/ Eamonn O'Hagan*
                                                  EAMONN O'HAGAN
                                                  Assistant U.S. Attorney

                                                  *Attorneys for the United States of America*